**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Herbert Kirsh, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>The FINOVA Group, Inc., *et al.* )<br>)<br>Defendants. )<br>_____ ) | Case No. 0:07-cv-00371-GRA<br><br>**Order**<br><br>(Written Opinion) |

This matter is before the Court on the Defendants' Motion to Compel Arbitration (the "Motion") of all claims asserted by Plaintiffs Herbert Kirsh, *et al.* (the "Plaintiffs") in their First Amended Complaint ("Amended Complaint") filed in the above-captioned action (the "Kirsh Action"). For the reasons stated below, the Court dismisses the Kirsh Action.

In the Amended Complaint, filed in this Court on February 14, 2007, Plaintiffs have allleged that each of them purchased Senior Subordinated Term Notes sold by Thaxton Life Partners, Inc. (the "TLP Notes"), that there was a scheme to defraud purchasers in the sale of the TLP Notes, and that Defendants participated in that scheme. Specifically, Plaintiffs allege, among other things, that "[t]he Defendants, by means of civil conspiracy, unfair trade practices, and civil RICO methods, were unjustly enriched by manipulating Thaxton Life

Partners and related companies to sell subordinated notes to unsuspecting individuals who were then swindled out of their investments." Amended Complaint ¶ 7.

The TLP Notes were sold pursuant to a Senior Subordinated Term Note Subscription Agreement (the "Subscription Agreement") that included the TLP Notes. The Subscription Agreement contained the following arbitration provision:

> <u>Arbitration</u>. Subscriber hereby agrees that any dispute, controversy or claim arising out of or in connection with, or relating to, any subscription of the Note, or any breach or alleged breach hereof, including allegations of violations of federal or state securities law, shall, upon the request of any party involved, be submitted to, and settled by, arbitration in Charlotte, North Carolina or within fifty (50) miles of the city limits of Charlotte, North Carolina, pursuant to the rules then in effect of the American Arbitration Association (or any other place under any other form of arbitration mutually acceptable to the parties so involved). …

Subscription Agreement ¶ 6.

In *American Bankers Insurance Group, Inc. v. Long,* 453 F.3d 623 (4th Cir. 2006), plaintiffs Richard and Lillie Long ("the Longs") filed a putative class-action suit against American Bankers Insurance Group ("ABIG"), asserting claims arising from their purchase of TLP Notes pursuant to the Subscription Agreement. The Fourth Circuit held that the Longs were equitably estopped from claiming that ABIG was not a signatory to the arbitration provision, and therefore could not compel arbitration, because the plaintiffs' basis for recovery

relied on the terms of the Note. *Id*. at 630 (holding equitable estoppel precluded plaintiffs' arguments because "without the breach of the Notes, the Longs would have no cause to complain"). As the Fourth Circuit explained:

The legal principle underlying the theory of equitable estoppel rests on a simple proposition: it is unfair for a party to rely on a contract when it works to its advantage, and repudiate it when it works to its disadvantage. [E]stoppel is appropriate if in substance the signatory's underlying complaint is based on the nonsignatory's alleged breach of the obligations and duties assigned to it in the agreement.

*Id*. at 627 (internal quotations and citations omitted).

Here, the Plaintiffs seek to recover investments purchased pursuant to the very same TLP Notes and Subscription Agreements and arbitration provision as in *American Bankers*. They are not merely analogous or similar; they are exactly the same. Moreover, Plaintiffs here are seeking to do <u>exactly</u> what the Fourth Circuit prohibited in *American Bankers*—repudiate the arbitration provision in a contract when they have sued a non-party to the contract for claims arising from that <u>same</u> contract. Plaintiffs' attempts to distinguish *American Bankers*, as well as their substantive arguments, are without merit—under the TLP Notes and Subscription Agreements, the Kirsh Action must be arbitrated.

The Federal Arbitration Act ("FAA") governs this action because the Subscription Agreements and TLP Notes evidence transactions involving commerce within the meaning of Sections 1 and 2 of the FAA, 9 U.S.C. §§ 1,

3

2.  Under the FAA and Rule 12, Fed. R. Civ. P., a court may dismiss an action upon finding that all of the claims raised in it are subject to arbitration.  *See, e.g.*, *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992); *Carsonite Int'l Corp. v. Energy Absorption Sys.,* 2004 U.S. Dist. LEXIS 28507, at *20 (D.S.C. Oct. 19, 2004).  For the reasons set forth above, and because the Kirsh Action is a "dispute, controversy or claim arising out of or in connection with, or relating to, any subscription of the [TLP] Note," this Court GRANTS the Defendants' Motion and DISMISSES the Kirsh Action.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 30, 2007

Anderson, South Carolina

4